## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-cv-80469-ALTMAN

**LEO VINCENT POOLE**,

    *Plaintiff,*

*v.*

**HEAD SHERIFF RICK BRADSHAW**
and **SHERIFF JOHN DOE**,

    *Defendants.*

_____/

### ORDER

Our Plaintiff, Leo Vincent Poole, has filed a civil-rights complaint under 42 U.S.C. § 1983, alleging that the Defendants violated his constitutional rights when they failed to protect him from violence at the hands of other inmates at the Palm Beach County Jail. *See* Complaint [ECF No. 1] ¶¶ 9, 11 ("There were no camera to monitor the inmates, the cell was understaffed. . . . The attack went on at least 15 to 20 minutes or more until other staff came in the cell[.]"). Poole didn't pay the filing fee and instead filed a motion to proceed *in forma pauperis* ("IFP"). *See* IFP Motion [ECF No. 3]. But Poole, while incarcerated, has already filed three *other* lawsuits that were dismissed for failure to state a claim. We therefore **DISMISS** this Complaint under the "three-strikes" provision of 28 U.S.C. § 1915(g).

### THE LAW

When a prisoner-plaintiff proceeds IFP, his complaint must be screened under the provisions of 28 U.S.C. § 1915(g)—also known as the "three strikes provision." *White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020) ("[A] court must procedurally dismiss without prejudice the claim of a prisoner who has struck out under the three-strikes provision and failed to pay the filing fee, [but] the court may also consider the merits to dismiss the case with prejudice instead."), *abrogated in part on other grounds*

*by Wells v. Brown*, 58 F.4th 1347, 1357 (11th Cir. 2023) (en banc). That provision reads, in pertinent part, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In other words, "Section 1915 only allows a prisoner to file three meritless suits at the reduced rate provided by that section." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (cleaned up). Once a prisoner has had three suits dismissed for one (or more) of the reasons set out in § 1915(g), he "must pay the full filing fee at the time he *initiates* suit[.]" *Ibid.* (emphasis in original). If a three-strikes plaintiff doesn't pay the filing fee when he files his lawsuit—and unless he qualifies for the "imminent danger of serious physical injury" exception—the Court must "dismiss the action without prejudice when it denies the prisoner leave to proceed *in forma pauperis*." *Ibid.*

## ANALYSIS

The three-strikes provision applies when "[a] prisoner has brought three or more federal lawsuits or appeals that were dismissed as frivolous, malicious, or for failure to state a claim[.]" *Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021). Our review of Poole's litigation history reveals that he, while incarcerated, has filed three federal civil-rights suits that have been dismissed for failure to state a claim—two in this District and a third in the U.S. District Court for the District of South Carolina.[1] We'll discuss these three cases in turn and explain why each qualifies as a "strike" under § 1915(g).

---

[1] Poole also filed a fourth case that's currently pending in the District of South Carolina. *See generally* Complaint, *Poole v. Joiner*, No. 23-CV-06927 (D.S.C. Dec. 27, 2023), ECF No. 1. In that case, a U.S. Magistrate Judge determined that Poole "has three actions that were dismissed under grounds that qualify as strike[s] under 28 U.S.C. § 1915(g)" and recommended dismissal. Report of Magistrate Judge, *Poole v. Joiner*, No. 23-CV-06927 (D.S.C. Feb. 8, 2024), ECF No. 11 at 3. But the court vacated the Report *sua sponte* after Poole paid the filing fee. *See* Order Vacating Report, *Poole v. Joiner*, No. 23-

Poole filed his first case on January 24, 2023, in our District. *See* Complaint, *Poole v. Unknown Warden*, No. 23-CV-20290 (S.D. Fla. Jan. 24, 2023) (Bloom, J.), ECF No. 1. After screening the complaint under 28 U.S.C. § 1915(e)(2), U.S. District Judge Beth Bloom found that "the [c]omplaint in this case must be dismissed because it fails to state a claim." Order Dismissing Complaint, *Poole v. Unknown Warden*, No. 23-CV-20290 (S.D. Fla. Jan. 30, 2023) (Bloom, J.), ECF No. 4 at 2. Judge Bloom explained that Poole had engaged in "fictious party pleading," that his complaint was an impermissible "shotgun pleading," and that his allegations against the defendant were conclusory. *Id.* at 2–3. Since Judge Bloom dismissed the complaint under § 1915(e)(2) for failure to state a claim, that case obviously counts as Poole's first "strike." *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 (2020) ("Under [§ 1915(g)], a prisoner accrues a strike for any action dismissed on the ground that it fails to state a claim upon which relief may be granted. That broad language covers all such dismissals: It applies to those issued both with and without prejudice to a plaintiff's ability to reassert his claim in a later action." (cleaned up)).

Poole filed his second case on March 27, 2023, in the District of South Carolina. *See* Complaint, *Poole v. Gordon*, No. 23-CV-01214 (D.S.C. Mar. 27, 2023), ECF No. 1. In that case, a federal magistrate judge concluded that Poole had not stated a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because "[Poole's] claims—denial of access to the courts under

---

CV-06927 (D.S.C. Mar. 20, 2024), ECF No. 17. Although the district court in South Carolina apparently gave Poole an opportunity to "cure" his status as a three-striker by allowing him to pay the filing fee, the Eleventh Circuit has forbidden this practice. *See Dupree*, 284 F.3d at 1236 ("[W]e conclude that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit."); *see also Hall v. United States*, 44 F.4th 218, 239 n.10 (4th Cir. 2022) ("It is an open question in this circuit whether, after revoking *in forma pauperis* status [under § 1915(g)], the court should (1) give the plaintiff an opportunity to [pay] the filing fee, or (2) automatically dismiss the case without providing such an opportunity. District courts often follow the Eleventh Circuit's rule from [*Dupree*] . . . since the filing fee is due at the start of a lawsuit." (cleaned up)).

the First Amendment and violations of his right to a speedy trial under the Sixth Amendment—are

new *Bivens* contexts" and because Poole had failed to identify "special factors" that would justify

"extending *Bivens* to [Poole's] First and Sixth Amendment claims." Report of Magistrate Judge, *Poole*

*v. Gordon*, No. 23-CV-01214 (D.S.C. June 15, 2023), ECF No. 22 at 5. The U.S. district judge promptly

adopted the magistrate judge's report and dismissed Poole's complaint. *See* Order Adopting Report,

*Poole v. Gordon*, No. 23-CV-01214 (D.S.C. Oct. 6, 2023), ECF No. 26. Although Poole's second case

was not *explicitly* dismissed for "failure to state a claim," it still counts as his second "strike" because

the court found that Poole had failed to advance a legally sufficient *Bivens* claim. *See Jones v. Bock*, 549

U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations,

taken as true, show the plaintiff is not entitled to relief."). As the Eleventh Circuit has explained:

> No magic words are needed [to qualify as a strike under § 1915]. But the dismissing
> court must give some express statement to the effect that it dismissed the case because
> it was malicious or because it failed to state a claim. The signal could include, for
> example, some statement that the dismissal was based on rule 12(b)(6), that the
> allegations did not plausibly state a claim, that the complaint failed to give a short and
> plain statement showing that the plaintiff is entitled to relief as required by rule 8, or
> that the complaint fell short under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct.
> 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173
> L.Ed.2d 868 (2009). There must be some signal that the action was dismissed for
> maliciousness or failure to state a claim.

*Wells*, 58 F.4th at 1359 (emphasis added).[2]

Poole filed his third case (for purposes of § 1915(g)) on July 14, 2023—again, in our District.

*See* Complaint, *Poole v. Autiello*, No. 23-CV-81033 (S.D. Fla. July 14, 2023) (Williams, J.), ECF No. 1.

After giving Poole an opportunity to amend, U.S. District Judge Kathleen M. Williams dismissed the

complaint as a "shotgun pleading," finding that "each count [of the amended complaint] adopts and

incorporates the allegations of all preceding counts" and that the amended complaint was replete with

---

[2] The court added that "[t]hese aren't meant to be the only examples. There are surely others. Nor will statements like the ones we've given always signal (in context) that the dismissal qualifies as a strike. We give examples only to explain the kinds of signals **or** express statements in a prior order that would tend to qualify under the three-strikes rule." *Wells*, 58 F.4th at 1359 n.3 (emphasis added).

"conclusory and vague legal allegations." Order Dismissing Amended Complaint, *Poole v. Autiello*, No. 23-CV-81033 (S.D. Fla. Jan. 22, 2024), ECF No. 16 at 8. Judge Williams explained that Poole's amended complaint violated the Federal Rules of Civil Procedure because it didn't "provide the Defendants with adequate notice of what claims are being lodged against them, and for which acts or omissions they are responsible." *Ibid.*; *see also* FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[I]n order to state a claim . . . [the plaintiff must] give the defendant fair notice of what the claim is and the grounds upon which it rests." (cleaned up)).

Like the magistrate judge in *Poole v. Gordon*, Judge Williams did not explicitly say that Poole's third case was dismissed for "failure to state a claim." *See generally id.* at 1–9. But, by definition, a shotgun pleading is a complaint "that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). And the Eleventh Circuit has held that a complaint that's dismissed for failure to comply with Rule 8, *Twombly*, or *Iqbal* qualifies as a dismissal for failure to state a claim and is therefore a "strike" under § 1915(g). *See Wells*, 58 F.4th at 1359 (holding that a dismissal for "failure to state a claim" constituted a "strike" under § 1915(g) where "the complaint failed to give a short and plain statement showing that the plaintiff is entitled to relief as required by rule 8, or that the complaint fell short under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)"); *see also Barmapov*, 986 F.3d at 1329 (Tjoflat, J., concurring) ("When faced with a complaint that bears the hallmarks of a shotgun pleading, defense counsel . . . . can move to dismiss the complaint for failure to state a claim under Rule 12(b)(6)."). Since a shotgun pleading fails to state a claim, Judge Williams's decision to dismiss Poole's case on that basis counts as Poole's third (and final) "strike." *See, e.g.*, *Connell v. Perez*, 2022 WL 2165336, at *2

(S.D. Fla. May 20, 2022) (Martinez, J.) (counting dismissal of "Plaintiff's amended complaint as a shotgun pleading" as a § 1915(g) "strike").

Poole, in short, has accumulated three "strikes": one in *Poole v. Unknown Warden*, No. 23-CV-20290 (S.D. Fla. Jan. 24, 2023) (Bloom, J.); a second in *Poole v. Gordon*, No. 23-CV-01214 (D.S.C. Mar. 27, 2023); and a third in *Poole v. Autiello*, No. 23-CV-81033 (S.D. Fla. July 14, 2023) (Williams, J.).[3] Under § 1915(g), therefore, we must dismiss this case unless Poole has alleged that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To do this, however, he would have to show "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, again, Poole fails. In his Complaint, Poole identifies only *past harms* he suffered at the Palm Beach County Jail. *See* Complaint ¶ 9 (alleging that Poole was attacked on April 13, 2020). And the fact that Poole might have "faced imminent danger sometime in the past" is not sufficient to meet this limited exception to § 1915(g). *Medberry*, 185 F.3d at 1193.

Because the "imminent danger" exception doesn't apply here, Poole is subject to the three-strikes rule—and, since he's failed to pay the filing fee, his Complaint must be dismissed. *See White*, 947 F.3d at 1377 ("We have construed this language to mean that a district court must dismiss a prisoner's claims when the prisoner has three strikes but failed to pay the filing fee when the suit began."); *Dupree*, 284 F.3d at 1236 ("Section 1915 only allows a prisoner to file three meritless suits at the reduced rate provided by that section. After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." (cleaned up)).

*                *                *

---

[3] For what it's worth, the District of South Carolina *also* found that each of these three cases counted as "strikes" and that Poole was thus subject to § 1915(g)'s provisions. *See* Report of Magistrate Judge, *Poole v. Joiner*, No. 23-CV-06927 (D.S.C. Feb. 8, 2024), ECF No. 11 at 3 ("Here, the plaintiff has three actions that were dismissed under grounds that qualify as strikes under 28 U.S.C. § 1915(g). *See* [*Poole v. Autiello*]; [*Poole v. Unknown Warden*]; [*Poole v. Gordon*].").

We therefore **ORDER and ADJUDGE** that the Complaint [ECF No. 1] is **DISMISSED without prejudice** under the provisions of 28 U.S.C. § 1915(g). The Clerk of Court shall **CLOSE** this case. All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in the Southern District of Florida on April 17, 2024.

 

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Leo Vincent Poole, *pro se*